# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERENCE BYRNE,                                          INDEX OF DOCUMENTS FILED
                                                        AND SERVED IN STATE COURT
                            PLAINTIFF,                          ACTION

            v.

                                                        CIVIL ACTION NO.:
CREATION TECHNOLOGIES NEW YORK, INC. F/K/A IEC
ELECTRONICS CORP.,                                      _____

                            DEFENDANT.

_____

            INDEX OF DOCUMENTS FILED AND/OR SERVED IN STATE COURT ACTION

| EXHIBIT | DATE | DOCUMENT |
|---------|------|----------|
| A-1 | 1/31/2025 | Summons |
| A-2 | 1/31/2025 | Complaint |
| A-3 | 2/6/2025 | Admission of Service |

DATED:      Rochester, New York
            February 25, 2025

                        /s/ Jeffrey J. Calabrese_____
                        Jeffrey J. Calabrese, Esq.
                        HARTER SECREST & EMERY LLP
                        *Attorneys for Defendant*
                        *Creation Technologies New York, Inc.*
                        1600 Bausch and Lomb Place
                        Rochester, New York 14604
                        Telephone: (585)231-1280
                        Email: jcalabrese@hselaw.com

# EXHIBIT A-1

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **SUMMONS**

Receipt Number: 790067

| Plaintiff |
|---|
| BYRNE, TERENCE |

| Defendant |
|---|
| CREATION TECHNOLOGIES NY INC |

| Fees |
|---|
| Total Fees Paid:          $0.00 |

| Control #: | 202502040053 |
|---|---|
| Index #: | 140923-2025 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **2**.

_Jean E Chrisman_

**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

TERENCE BYRNE,

          Plaintiff,

          v.

CREATION TECHNOLOGIES NEW YORK,
INC. f/k/a IEC ELECTRONICS CORP.,

          Defendants.

**SUMMONS**

Index No. _____

To: the above-named Defendant:

      **YOU ARE HEREBY SUMMONED** to reply to or answer the claims against you alleged in the Complaint of Plaintiff Terence Byrne in this action and to serve a copy of your reply or answer on Plaintiff's attorneys within 20 days after the service of this counterclaim summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to reply or answer, judgment will be taken against you by default for the relief demanded in the counterclaim.

      The basis of the venue designated is that Plaintiff is a resident of Ontario County.

Dated: January 31, 2025        **GREGORY L. SILVERMAN, ESQ., PLLC**

        By:    s/ Gregory L. Silverman
            118 Genesee St
            Geneva, NY 14456
            Tel: 585-480-6686
            greg@silverman-law.com
            *Attorney for Plaintiff Terence Byrne*

1

# EXHIBIT A-2

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **COMPLAINT**

Receipt Number: 790068

| Plaintiff |
|---|
| BYRNE, TERENCE |

| Defendant |
|---|
| CREATION TECHNOLOGIES NY INC |

| Fees |
|---|
| Total Fees Paid:          $0.00 |

| Control #: | 202502040054 |
|---|---|
| Index #: | 140923-2025 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **7**.

_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

TERENCE BYRNE,

                Plaintiff,

      v.

CREATION TECHNOLOGIES NEW YORK,
INC. f/k/a IEC ELECTRONICS CORP.,

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Terence Byrne ("Plaintiff" or "Byrne"), by and through counsel, alleges against

Defendant Creation Technologies New York, Inc. formerly known as IEC Electronics Corp.

("Creation") as follows:

## PRELIMINARY STATEMENT

1.      This is an action arising under the New York State Human Rights Law (HRL) and

the Americans with Disabilities Act (ADA).

## PARTIES

2.      Upon information and belief, Defendant Creation has a place of business located

at 328 Silver Hill Road, Newark, NY 14513. Upon information and belief, Defendant Creation

acquired IEC Electronics Corp. in or around 2021.

3.      Plaintiff resides in Farmington, NY.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of

the State of New York.

5.      As to Plaintiff's claims arising under the ADA, Plaintiff received a Notice of

Right to Sue letter dated January 7, 2025. Further, having filed his EEOC charge more than two

1

Case 6:25-cv-06119-EAW-MJP     Document 1-2     Filed 02/25/25     Page 9 of 16

years ago, Plaintiff had a statutory entitlement to a notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. §§ 1601.28(a)(1-2).

6.      Venue is appropriate as Plaintiff resides in Ontario Count. *See* CPLR 503(a).

## FACTUAL BACKGROUND

7.      Plaintiff began employment with Defendant on or around September 27, 2021 as a warehouse supervisor.

8.      On or around October 2021, Plaintiff began to form a wound on his toe. This injury required him to be admitted to the hospital at the end of October 2021. He missed about three weeks of work due to this injury, and returned to work on or about November 22, 2021.

9.      After Plaintiff returned to work, he spoke with the department manager Josh Weis about his toe, and asked if he might be able to work remotely a few days per week. Mr. Weis indicated that could be a possibility and he would look into it.

10.     Plaintiff's toe injury unfortunately worsened, and he had to leave work completely on or around March 18, 2022 for purposes of amputating his toe.

11.     On or around March 26, 2022, Plaintiff texted Brittany Kuhn, Defendant's Human Resources representative, to inform her of his follow up medical appointments, and that he purchased a knee scooter and would be requesting a handicap parking tag.

12.     On or around March 28, 2022, Plaintiff spoke with his immediate supervisor Lori Smith. Plaintiff asked Ms. Smith about working from home; she responded the decision would need to be made by HR. Plaintiff also told Ms. Smith he could return to work with a knee scooter.

13.     After speaking with Ms. Smith, on or around March 28, 2022, Plaintiff spoke with Jessica Paquette in Human Resources. Plaintiff asked about work from home opportunities, and

NYSCEF DOC. NO. 2

Case 6:25-cv-06119-EAW-MJP    Document 1-2    Filed 02/25/25    Page 10 of 16

informed her that he was purchasing a knee scooter which would allow him to return to work.
Ms. Paquette informed him that he could remain out of work to recover and receive wages under
Defendant's disability policy.

14.     Plaintiff subsequently used Defendant's short-term disability policy. While out of
work Plaintiff provided regular updates to Defendant about his health status and potential return
to work date.

15.     Upon information and belief, on or around April 26, 2022, Ms. Kuhn emailed Ms.
Smith to inform her that Plaintiff had a return to work date of May 16, 2022, and at that time
Defendant could not "move forward with ending employment. Let's strategize for what's next
after Terry's return."

16.     Upon information and belief, on or around May 23, 2022, Ms. Smith emailed Ms.
Paquette a calendar invitation to speak about Plaintiff's attendance; the email included Plaintiff's
medical absences in November 2021 (some of which were marked as "unpaid FMLA") and her
note that Plaintiff had been out of work "since March 18th."

17.     On or around Friday May 20, 2022, Plaintiff communicated with Ms. Paquette
because he had not been timely paid. Ms. Paquette responded, in part, that payment "for some
reason did not automatically go through like it was supposed to. Our payroll department will
process your payroll during next week's pay cycle period."

18.     On or around Monday May 23, 2022, Ms. Paquette informed Plaintiff that he was
terminated "due to attendance."

19.     On or around Monday May 23, 2022, Ms. Paquette called Plaintiff to inform him
that the company would be terminating him because of his attendance. She stated that he held a
valuable position with the company, and as a supervisor he needed to be onsite. Plaintiff asked

Case 6:25-cv-06119-EAW-MJP    Document 1-2    Filed 02/25/25    Page 11 of 16

Ms. Paquette whether there were any other options they could discuss so that he could maintain his employment with the company. Ms. Paquette responded that there was not.

20.     Upon information and belief, on or around May 24, 2022, Ms. Paquette wrote in relation to Plaintiff's termination that Defendant "need[ed] someone who can be at work and handle the job. It really is unfortunate, I hate having to do these terminations but sometimes it is our only choice."

21.     If Defendant had engaged in the interactive process with Mr. Byrne before terminating him, it could have provided him with reasonable accommodations, including continued unpaid leave and/or allowing Plaintiff to return to work with a knee scooter.

**FIRST CAUSE OF ACTION**
**Disability Discrimination**
**in violation of the HRL and ADA**

22.     All paragraphs of this Complaint are incorporated herein.

23.     Plaintiff was an individual considered disabled under the meaning of the ADA.

24.     Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

25.     Defendant knew of Plaintiff's disability.

26.     Defendant unlawfully failed to engage in good faith in an informal dialogue with Plaintiff about potential reasonable accommodations before terminating his employment.

27.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

4

Case 6:25-cv-06119-EAW-MJP    Document 1-2    Filed 02/25/25    Page 12 of 16

## SECOND CAUSE OF ACTION
### Retaliation in violation of the HRL and ADA

28.     All paragraphs of this Complaint are incorporated herein.

29.     Plaintiff engaged in protected conduct by, among other ways, taking medical leave from work and requesting reasonable accommodations concerning his toe.

30.     Defendant terminated Plaintiff because of his "attendance," which referred to his medical leave for his toe, and failed to engage in the interactive process with Plaintiff in good faith.

31.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

Case 6:25-cv-06119-EAW-MJP   Document 1-2   Filed 02/25/25   Page 13 of 16

**WHEREFORE**, Plaintiff Terence Byrne seeks judgment against Defendant as follows:

A.  Declaratory relief that the conduct complained of herein is unlawful under applicable federal and state law;

B.  Injunctive relief requiring that Plaintiff be reinstated and enjoining Defendant from further discrimination against Plaintiff;

C.  Damages, including compensatory, liquidated, and punitive, in an amount to be determined at trial;

D.  Pre-judgment and post-judgment interest, costs, expenses, disbursements, and reasonable attorney's fees; and

E.  Such other and further relief which is deemed just and proper.


### JURY DEMAND

Plaintiff demands a jury trial on all matters triable by jury.


Dated: January 31, 2025                  **GREGORY L. SILVERMAN, ESQ., PLLC**

                              By:     s/ Gregory L. Silverman_____
                                      118 Genesee St
                                      Geneva, NY 14456
                                      Tel: 585-480-6686
                                      greg@silverman-law.com
                                      *Attorney for Plaintiff Terence Byrne*

6

# EXHIBIT A-3

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **ADMISSION OF SERVICE**

Receipt Number: 790895

| Plaintiff |
| --- |
| BYRNE, TERENCE |

| Defendant |
| --- |
| CREATION TECHNOLOGIES NY INC |

| Fees |
| --- |
| Total Fees Paid:                    $0.00 |

| Control #: | 202502070116 |
| --- | --- |
| Index #: | 140923-2025 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **2**.

_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

STATE OF NEW YORK
SUPREME COURT        COUNTY ONTARIO

|  |  |
|---|---|
| TERENCE BYRNE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Index No. 140923-2025 |
| | : |
| CREATION TECHNOLOGIES NEW YORK, INC. | : |
| f/k/a IEC ELECTRONICS CORP., | : |
| | : |
| Defendant. | : |

## **ACCEPTANCE OF SERVICE**

I, Jeffrey J. Calabrese, Esq., on this date accepted service on behalf of Creation

Technologies New York, INC. f/k/a IEC Electronics Corp. of the Notice of Mandatory

Electronic Filing, Summons, and Complaint in this matter, reserving all rights, claims, defenses,

or objections to the Complaint except for those based on a defect in the service of process.


Dated:   February 6   , 2025                    **HARTER SECREST & EMERY LLP**

By:   _____

Jeffrey J. Calabrese, Esq
1600 Bausch & Lomb Place,
Rochester, NY 14604-2711
Tel: (585) 231-1280
JCalabrese@hselaw.com
*Attorneys for Defendant*

1